GRACE NATIONAL BANK OF NEW YORK, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 21969.   Promulgated October 24, 1950.

*Gerard L. Carroll, Esq.*, for the petitioner
*Oscar L. Tyree, Esq.*, for the respondent.

## OPINION.

HARRON, *Judge:* The only question presented is whether a payment of $5,000 which the petitioner made for admission to the New York Clearing House Association was an ordinary and necessary business

expense incurred during the taxable year, as the petitioner contends, or whether the payment was a capital expenditure, as the respondent alleges. If the payment was an ordinary and necessary business expense, it is properly deductible from gross income by the petitioner under section 23 (a). However, if it was a capital expenditure, it is not properly deductible from gross income as an "ordinary" business expense. *Acer Realty Co.* v. *Commissioner*, 132 Fed. (2d) 512; section 24 (a) (2), of the Code.

The $5,000 fee was paid by the petitioner. in order to become a member of the Association. This fee is charged but once and has no fixed relation to any period of time or to the special services rendered by the organization. It is in addition to the annual dues periodically assessed against each member to provide for the expenses of the organization and is to be distinguished from such annual dues. The admission fee is a payment required by the Association of a member-elect as a condition precedent to its becoming a member. It is not a recurring expense, and its benefits are not limited to the taxable year in which it was paid or incurred but will last as long as petitioner elects to remain a member of the Association. It has utility long beyond the tax period involved. As such, it is a capital expenditure rather than an "ordinary" business expense incurred during the taxable year. *Charles J. Bradley*, 41 B. T. A. 153; *Duesenberg, Inc. of Delaware*, 31 B. T. A. 922, affd., on another issue, 84 Fed. (2d) 921; *Clark Thread Co.*, 28 B. T. A. 1128; affd., 100 Fed. (2d) 257; cf. *Shellabarger Grain Products Co.*, 2 T. C. 75, 89, affd., 146 Fed. (2d) 177, 185; *Bush Terminal Buildings Co.*, 7 T. C. 793, 818–19.

We have given careful consideration to the evidence introduced by petitioner with respect to the use which the Association made of the $5,000 paid by the bank for admission to the clearing house. However, we fail to see how the use made of the funds after their payment can be determinative of the issue in this proceeding. Payments made to purchase bonds from a corporation, for example, are not either ordinary and necessary expenses or capital expenditures, depending upon the use which the corporation makes of the funds so secured. Similarly in this proceeding, the use which the Association elects to make of the funds received as a condition precedent to the admission of a member-elect is not determinative of the essential nature of the payment as made by the petitioner.

The respondent's determination is sustained.

*Decision will be entered for the respondent.*